UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
RENE IZQUIERDO,

                   Plaintiff,

                   -against-                        **COMPLAINT AND
DEMAND FOR JURY TRIAL**

THE CITY OF NEW YORK, NEW YORK
POLICE DEPARTMENT, DETECTIVE
RICHARD KENNEY, and POLICE OFFICERS
JOHN DOE, Individually and in their Official Capacities,

                   Defendants.
------------------------------------------------------x

       Plaintiff, RENE IZQUIERDO, by and through his attorney, **ILISSA BROWNSTEIN,**

**ESQ**., complaining of the defendants herein, respectfully shows the Court and alleges:


## PRELIMINARY STATEMENT

       1.   Plaintiff brings this action for compensatory damages, punitive damages, and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, for the wrongful acts of Defendants

THE CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT, DETECTIVE RICHARD

KENNEY, and POLICE OFFICERS JOHN DOE, as Officers of the New York City Police

Department, acting under color of state law and pursuant to their authority, in violation of

Plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1988; by the

United States Constitution, including its Fourth, Fifth, and Fourteenth Amendments; and by the

laws and Constitution of the State of New York.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3.   Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

4.   Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5.   Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6.   Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P.38(b).

## PARTIES

7.   At all times relevant hereto Plaintiff was and is a resident of Queens, New York.

8.   At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

9.   At all times relevant to this action, Defendants DETECTIVE RICHARD KENNEY

2

AND POLICE OFFICERS JOHN DOE, are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

10. At all times relevant hereto and in all their actions described herein, the Defendants DETECTIVE RICHARD KENNEY AND POLICE OFFICERS JOHN DOE were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

11. NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD. They are being sued both in their individual and official capacity.

## FACTS

12. On August 1, 2009, at approximately 10AM, Detective Richard Kenney and approximately six other police officers entered Mr. Izquierdo's jewelry store/pawn shop located on 2120 Third Avenue, New York, New York.

13. The police officers told Mr. Izquierdo that he was in possession of stolen property as a result of purchasing a computer from a man named Jose Carrasquillo. The officers told Mr. Izquierdo that they need to find the computer immediately or everyone working at the store will be arrested and taken to prison. The officers also told Mr. Izquierdo that they will close the store and keep all of the merchandise and that if he did not cooperate he will never get any of his property back.

14.     Mr. Izquierdo was highly cooperative, granting the officers full access to his jewelry showcases, his computer, his safe, his surveillance system.

15.     Mr. Izquierdo informed the police that he had the computer in his home in Forrest Hills, Queens.   The police insisted that Mr. Izquierdo bring them to his home to get the computer. Mr. Izquierdo complied.

16.     While inside Mr. Izquierdo's home, the police officers said they were looking for jewelry provided by Jose Carasquillo.   Mr. Izquierdo insisted he did not buy jewelry from Jose Carasquillo and directed the police to these transactions on his video surveillance.   Nevertheless, the officers seized a box of jewelry that Mr. Izquierdo kept items in that needed repair as well as other jewelry that was unclaimed by customers after their time to buy it back expired.   The officers said that they will keep all of the jewelry until Mr. Izquierdo can prove it is his property.

17.     The police also seized the surveillance system as well as two computers.

18.     Mr. Izquierdo was arrested and arraigned in New York City Criminal Court on August 8, 2009 on felony charges of Criminal Possession of Stolen Property in the Fourth Degree [PL § 165.45(1)].

19.     Mr. Izquierdo did not knowingly possess stolen property.

20.     On February 17, 2010, in New York City Criminal Court, Part F, the criminal case was dismissed on motion of the District Attorney's Office.

21.   This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

## DAMAGES

22.     Mr. Izquierdo spent approximately 30 hours in police custody.

23.     He attended one post-arraignment court appearance.

24.     Mr. Izquierdo suffered loss of revenue from:

(1)   closing the store for two days during the time of his arrest;

(2)   opening the store without merchandise inside during the week following the arrest for fear of forfeiting all of his merchandise to the police;

(3)   loss of customers because the customers who pawned the jewelry that was seized never got the jewelry back when they came into the store to reclaim it;

(4)   loss of customers because of the police's presence in the store, causing lack of trust in the community

(5)   loss of customers who heard about the police presence in the store, many customers bought back their pawned items for fear of not being able to in the future.

25.   The surveillance system, two computers and various jewelry items were never returned despite repeated efforts by Mr. Izquierdo and his attorney to retrieve them.   Mr. Izquierdo was required to purchase another security system.

26.     Mr. Izquierdo conducted renovations to the store in an effort to dispel the mistrust developed by the community as a result of the police presence and the inability of the store to make available pawned items.   The store had to be closed during the renovations.

27.     Mr. Izquierdo incurred $4500 in attorney's fees to defend his criminal case.

28.     Mr. Izquierdo suffered from emotional distress from the incident, from the constant fear of losing additional property to the police. He suffered from depression as a result of his business taking a significant financial loss.

**FIRST CLAIM FOR RELIEF:**
**<u>DEPRIVATION OF FEDERAL CIVIL RIGHTS</u>**

29.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

30.   All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

31.   All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

32.   The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33.   The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

34.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

35.   By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

6

## SECOND CLAIM FOR RELIEF:
### <u>FALSE ARREST</u>

36.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

37.   As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

38.   As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule, and disgrace and was deprived of his liberty.   Plaintiff was discredited in the minds of many members of the community.

39.   All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the Defendants are liable for said damage.   Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## THIRD CLAIM FOR RELIEF:
### <u>FALSE IMPRISONMENT</u>

40.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

41.   As a result of his false imprisonment, Plaintiff was subjected to humiliation, ridicule, mental anguish and disgrace and was deprived of his liberty.  Plaintiff was discredited in the minds of many members of the community.

42.   All of the aforementioned acts of the Defendants constituted false imprisonment under the law of the State of New York and the Defendants are liable said damage.   Pursuant to 28

U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

**FOURTH CLAIM FOR RELIEF:**
**ABUSE OF PROCESS**

43.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

44.   The Defendants employed legal process for an unlawful object.  The Defendants arrested Mr. Izquierdo to retrieve alleged stolen property.   The search, seizure, and arrest were employed to scare Mr. Izquierdo into voluntarily turning over all property that the police believed to be stolen.   The Defendants did not have probable cause to believe that Mr. Izquierdo knew that these items were stolen.   The Defendant's exceed the scope of their seizure by taking many items with no connection to their inquiries and failing to return said items to Mr. Izquierdo, despite repeated attempts to retrieve such property.   The Defendant's gave away numerous items seized without inquiry into Mr. Izquierdo's claim of right. The arrest was pretextual and unlawful.

45.   All of the aforementioned acts of the Defendants constituted an abuse of process under the law of the State of New York and the Defendants are liable said damage.   Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

**FIFTH CLAIM FOR RELIEF:**
**MALICIOUS PROSECUTION**

46.   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

47.   By the actions described above, Defendants New York City, NYPD, DETECTIVE RICHARD KENNEY and POLICE OFFICERS JOHN DOE, maliciously, and without probable

cause, prosecuted the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law right as guaranteed by the laws an Constitution of the State of New York.

48.    As a result, Plaintiff was deprived of his liberty, suffered great financial consequences, emotional distress, and was otherwise damaged.

**SIXTH CLAIM FOR RELIEF:**
**MUNICIPAL LIABILITY**

49.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

50.   Defendant Police Officers unlawfully stopped, questioned, searched, and arrested Plaintiff, despite a lack of reasonable suspicion or probable cause, notwithstanding the knowledge that said arrest would jeopardize his liberty, well-being, safety, and constitutional rights.

51.   Defendant DETECTIVE RICHARD KENNEY and POLICE OFFICERS JOHN DOE failed to protect Plaintiff from the violation of his civil and constitutional rights by falsely arresting and imprisoning him.

52.   The acts complained of were carried out by the aforementioned Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

53.   The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

53.   The aforementioned customs, policies, usages, practices, procedures, and rules of

NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

54.   The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

55.   The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

56.   The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

57.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

58.   Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

59.   Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

60.   All of the foregoing acts by Defendants deprived Plaintiff of federally protected

rights, including, but not limited to, the right:

      a.      Not to be deprived of liberty without due process of law;

      b.      To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

      c.      To be protected against violations of his civil and constitutional rights;

      d.      To be free from abuse of process;

      e.      To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS; and

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:     New York, New York
           July 29, 2010

                            Respectfully submitted,

                            _____
                            Ilissa Brownstein, Esq. (IB9450)
                            Attorney for Plaintiff
                            22 Cortlandt Street 16th Floor
                            New York, New York 10007
                            Phone: (516) 286-5442
                            Fax: (212) 608-5442